505 A.2d 255

**COMMONWEALTH of Pennsylvania**

v.

**Aaron DUNLAP, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Dec. 20, 1985.

Reargument Denied March 3, 1986.

44

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence imposed after appellant was found guilty in a non-jury trial of receiving stolen property and unauthorized use of automobiles and other vehicles.

Appellant contends that the evidence was insufficient to support his convictions on these crimes and that the crimes should have been merged for sentencing purposes. We agree with appellant's first contention and, accordingly, reverse the judgment of sentence and discharge appellant.

"The test of sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the [trier of fact] could properly have based [the] verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.'" In reviewing the evidence, we must consider it in the light most favorable to the Commonwealth, which won the verdict in the trial court.

*Commonwealth v. Hogan*, 321 Pa.Super. 309, 312, 468 A.2d 493, 495 (1983) (citations omitted).

In the instant case, the Commonwealth presented two witnesses at trial. The first witness, Cleon Scoggins, testified as follows. On July 27, 1984, he observed appellant driving an automobile in the 4500 block of Garnet Street in Philadelphia. Appellant parked the automobile and walked away from the area. Scoggins recognized the automobile as belonging to the complainant, Louise Johnson, because Scoggins had previously done repair work on it. Scoggins thereafter located Mrs. Johnson and returned with her to the parked automobile just as uniformed police officers in a marked car were arriving at the scene. Mrs. Johnson then confirmed that she did own the car. Appellant returned to the automobile within ten or fifteen minutes of his initial departure and asked one of the officers "what was the matter." The officer then asked appellant whether appellant had been driving the car and when appellant answered in the affirmative, he was arrested.

The other witness presented by the Commonwealth, Louise Johnson, testified to the following. On July 18, 1984, her 1974 Camaro was missing from 29th and Chestnut Streets in Philadelphia. She next saw her car nine days later at appellant's arrest. At the time of the arrest Johnson saw police confiscate her car keys. These keys had also been missing since July 18. ·After inspecting her automobile, Johnson noticed that the left window was broken, the ceiling was "hanging down", the exhaust pipe was bent and had a hole in it, and the dashboard and steering column were undamaged.

Appellant presented no testimony, and the court, after hearing the testimony of these witnesses found him guilty of receiving stolen property and unauthorized use of an automobile. Post-verdict motions were timely filed and were heard and denied on December 10, 1984, at which time appellant was sentenced to two concurrent terms of time-in to 23 months imprisonment. This appeal timely followed.

Appellant argues that the evidence was insufficient to convict him of either receiving stolen property or unautho-

rized use of an automobile because the mens rea for neither crime was established by the Commonwealth. We agree.

██ In order to establish the mens rea element of the crime of receiving stolen property, the Commonwealth must prove that the accused possessed property with "guilty knowledge", i.e., knowing that it has been stolen, or believing that it has probably been stolen." 18 Pa.C.S. § 3925(a). In order to establish the mens rea element of the crimes of unauthorized use of automobiles, the Commonwealth must prove that the accused was at least reckless with respect to the owner's lack of consent to the accused's operation of the vehicle. *Hogan*, supra.[1]

██ The necessary knowledge or recklessness may be demonstrated by circumstantial evidence, and an inference of guilty knowledge may be drawn from unexplained possession of recently stolen goods. *Id.* Whether possession is recent and whether it is unexplained are normally questions of fact for the trier of fact. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976).

[O]ther circumstances involved in any given case may also be considered by the trier of fact in determining if the inference [of guilty knowledge] may properly be drawn from the unexplained possession. Amongst such circumstances are the accused's conduct at arrest and his conduct while in possession of the goods, as well as, the accused's relationship, if any, with the victim of the theft.

1. *Hogan,* which involved only the crime of unauthorized use of automobiles, expressly overruled those earlier cases which had required proof of "guilty knowledge" for that crime. See, e.g., *Commonwealth v. Randall,* 287 Pa.Super. 479, 430 A.2d 991 (1981); *Commonwealth v. Williams,* 284 Pa.Super. 244, 425 A.2d 795 (1981). *Hogan's* analysis, however, of whether the inference of "guilty knowledge" could be drawn in that case was based on the principle that if the unexplained possession of recently stolen property will support an inference of guilty knowledge of its theft, it will support with even greater strength an inference of recklessness with respect to the owner's lack of consent to operate a recently stolen automobile. We note that in the instant case, the court below mistakenly applied the more stringent mens rea requirement of "guilty knowledge" rather than the less stringent requirement of "recklessness" as to the offense of unauthorized use of automobiles.

Once the inference is properly drawn by the trier of fact and pursuant to the understanding that it cannot be drawn unless he is convinced that the unexplained possession is so recent as to convince him of the inferred fact beyond a reasonable doubt and his conviction of the same is not weakened below this standard by other circumstances, an appellate court may not reverse unless, after considering the evidence, it believes a juror or judge, acting in a reasonable and rational manner, could not have been convinced beyond a reasonable doubt.

*Id.*, 468 Pa. at 368, 362 A.2d 249.

■ In the instant case, we have no difficulty in determining that the trier of fact reasonably could have found that appellant's possession of the car was both recent and unexplained. We do, however, have difficulty in believing that a trier of fact, acting in a reasonable and rational manner, could infer that the fact of "guilty knowledge" follows beyond a reasonable doubt from such unexplained possession when the other circumstances involved in this case are considered.

These circumstances include the fact that the car had no damage to the dashboard or steering column which would indicate that it had been started or operated unlawfully. Although the automobile did have a broken window, a broken exhaust pipe and a "hanging" ceiling, such damage is not inconsistent with a car that is 10 years old. Thus, the physical condition of the car itself would not reasonably put an operator on notice that it probably had been stolen.

The most important circumstance present in this case, however, is the fact that after parking the car and remaining away from it for 10 or 15 minutes, appellant voluntarily returned to it despite the fact that it was surrounded by both civilians and uniformed police officers, asked the police what was the matter, and freely admitted to having driven the automobile. We believe that such behavior is inconsistent with the mens rea of "guilty knowledge."

In *Commonwealth v. Stover*, 291 Pa.Super. 509, 436 A.2d 232 (1981), an automobile that had been stolen 37 days

earlier was parked in front of the defendant's auto repair shop. A police officer ordered him to move the automobile because it was obstructing traffic. An argument ensued during which the defendant referred to the car as "my vehicle". The officer arrested him for disorderly conduct at which time appellant volunteered to drive the car to the police station. At trial, he did not explain his possession of the car. This Court found that the evidence would not support an inference that the defendant possessed the car with the required guilty knowledge.

In *Commonwealth v. Williams,* the accused, who was driving a car stolen 17 days earlier, pulled alongside a parked police vehicle, asked for traffic directions, and departed after receiving the directions. He subsequently parked the car and was arrested while walking about two blocks away from where he had parked. This Court stated that:

> In the present case, apart from the fact of possession of the stolen vehicle, which has generally been held insufficient in itself to demonstrate guilty knowledge, the circumstantial evidence is insufficient to support a reasonable inference of guilty knowledge required for a conviction. On the contrary, assuming appellant was the driver of the stolen car, he stopped and asked the police for directions. Normally, a person in possession of a stolen vehicle does not stop to ask the police for directions.

Similarly, a person in possession of a stolen vehicle does not normally return to the vehicle when it is surrounded by police and civilians, ask what is the matter, and admit to having driven the car. We conclude that in the instant case the circumstances were such that a reasonable trier of fact could not have inferred beyond a reasonable doubt from appellant's unexplained possession of the recently stolen automobile that he knew that it had been stolen or believed that it probably had been stolen. Thus, we find that the evidence was insufficient to convict appellant of the crime of receiving stolen property.

**50**

■ However, we must still determine whether the evidence was sufficient to support appellant's conviction of unauthorized use of an automobile. While it is true that if unexplained possession of a recently stolen car supports an inference of guilty knowledge of its theft it will support with even greater strength an inference of recklessness with respect to the owner's lack of consent to operate the automobile, see *Hogan*, supra, the converse of this statement is not necessarily true. In other words, there could conceivably be a factual setting in which the circumstances surrounding the unexplained possession of a recently stolen car would permit an inference of recklessness as to the owner's lack of consent to operate the automobile, but not permit an inference of guilty knowledge as to its theft.

■ Here, however, we cannot even find that the evidence was sufficient for the trier of fact to draw the inference beyond a reasonable doubt that appellant was reckless with respect to lack of the owner's consent to operate the automobile. The Commonwealth produced no evidence of additional circumstances such as traffic violations and an inability to produce a driver's license or registration card which could possibly support even this inference. See *Hogan*, supra (evidence sufficient to infer at least recklessness where appellant violated traffic signal and was unable to produce license or owner's card); *Commonwealth v. Utter*, 279 Pa.Super. 557, 421 A.2d 339 (1980) (evidence sufficient to infer recklessness where appellant was unable to produce license or registration). Absent evidence of any such additional circumstances, we must conclude that the evidence was also insufficient to convict appellant of the crime of unauthorized use of automobile and other vehicles.[2]

Judgment of sentence reversed and appellant discharged.

---

**2.** Given our holding, we need not reach appellant's claim that the crimes of receiving stolen property and unauthorized use of automobiles should have been merged for sentencing purposes. We note, however, that our Court's decisions on this issue have not been consistent. Compare *Commonwealth v. Robinson*, 317 Pa.Super. 135, 463 A.2d 1121 (1983) (no merger) with *Commonwealth v. Wilcox*, 310 Pa.Super. 331, 456 A.2d 637 (1983) (merger). See also, *Common-*

*wealth v. Pemberth,* 339 Pa.Super. 428, 489 A.2d 235 (1985). We also note that the issue is before an en banc panel of this Court in *Commonwealth v. Campbell,* 1614 Philadelphia, 1982.