J-S39024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: E.U., A JUVENILE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: E.U., A JUVENILE | |
| | No. 2716 EDA 2014 |

Appeal from the Dispositional Order August 27, 2014
In the Court of Common Pleas of Lehigh County
Juvenile Division at No(s): CP-39-JV-0000525-2014
JID No. 5002935

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2015**

E.U., a minor,[1] appeals from the dispositional order entered August 27, 2014, by the Lehigh County Court of Common Pleas, Juvenile Division.  The juvenile court adjudicated E.U. delinquent on charges of receiving stolen property ("RSP") and unauthorized use of an automobile,[2] and entered a dispositional order placing him on probation, and directing him to pay $500 in restitution.  On appeal, E.U. challenges the sufficiency of the evidence supporting his adjudications.  For the reasons that follow, we affirm.

---

[1] E.U. was born in May of 1997.

[2] 18 Pa.C.S. §§ 3925(a) and 3928, respectively.

The facts underlying E.U.'s arrest are as follows. On the morning of July 3, 2014, T.J. Lescher discovered that both his vehicle, a 2006 Nissan Sentra, and his wife's vehicle were stolen. The night before, his wife's car was parked in his carport, and his car was parked in front of his garage. A few hours after the theft was reported, the police recovered the Sentra at an apartment complex down the road. N.T., 8/27/2014, at 6-7. Lescher noted that when the car was returned, "everything that [he] had owned that was in the car was gone," the passenger's rearview mirror was broken off, and the car had numerous dents and scratches. *Id.* at 7. However, there was no damage to the ignition or the entry lock. *Id.* at 10. Two days later, on the afternoon of July 5, 2014, the Sentra was stolen again from Lescher's carport.

On July 8, 2014, Bethlehem Police Detective Chad Wasserman was working undercover with the Lehigh County Auto Theft Task Force, driving through the city of Allentown, when, at approximately 11:30 p.m., he located the stolen Sentra parked on 4th Street. Detective Wasserman recognized the vehicle because he was one of the officers who recovered it the first time it was stolen five days earlier. *Id.* at 17-18. After verifying the license plate number matched that of the stolen Sentra, Detective Wasserman and his partner set up surveillance of the vehicle. Approximately 30 minutes later, the car pulled away. The officers followed the vehicle until it stopped at a house "maybe a quarter block up on Oak Street." *Id.* at 19. At that time, the officers approached the vehicle,

- 2 -

announced they were police officers, and removed E.U. from the driver's seat. There were no other individuals in the car. E.U., who did not have a driver's license, was operating the vehicle with a key.

E.U. was then transported to the police station, where, after consulting with his mother, he waived his **Miranda**[3] rights and agreed to speak with the police. E.U. told Detective Wasserman that he had been driving the car for three days, and "he had gotten the car from a friend of his." **Id.** at 21. However, when the detective asked who the friend was, E.U. refused to answer. Rather, "[h]e said he didn't want to be a snitch and that he was going to take the hit for this vehicle." **Id.**

On August 7, 2014, a juvenile petition was filed against E.U. charging him with RSP, unauthorized use of a vehicle, and drivers required to be licensed.[4] An adjudication hearing was held on August 27, 2014, at which time the juvenile court determined, beyond a reasonable doubt, that E.U. had committed the delinquent acts of RSP and unauthorized use of a vehicle.[5] The matter proceeded immediately to a dispositional hearing. At the conclusion of the hearing, the juvenile court adjudicated E.U. delinquent

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[4] 75 Pa.C.S. § 1501(a).

[5] At the beginning of the adjudication hearing, E.U. stipulated to the fact that he was driving without a license. **See** N.T., 8/27/2014, at 3. Accordingly, that summary charge is not disputed on appeal.

on the aforementioned charges, and placed him on probation. The court also directed E.W. to pay restitution in the amount of $500, and to have no contact with the victim or the victim's family. This timely appeal followed.[6]

On appeal, E.U. challenges the sufficiency of the evidence. As with any sufficiency claim, our review of an adjudication of delinquency is well-settled:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

---

[6] On September 21, 2014, the juvenile court ordered E.U. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). E.U. complied with the court's directive and filed a concise statement on October 3, 2014.

*In re V.C.*, 66 A.3d 341, 348-349, (Pa. Super. 2013) (quotation omitted), *appeal denied*, 80 A.3d 778 (Pa. 2013).

Here, E.U. was adjudicated delinquent on charges of RSP and unauthorized use of a vehicle. The crime of RSP is defined in Section 3925 of the Crimes Code as follows:

> A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925. Further, a juvenile may be adjudicated delinquent on the charge of unauthorized use of a vehicle if he "operates the automobile … of another without consent of the owner." 18 Pa.C.S. § 3928.

Because E.U.'s argument focuses on the *mens rea* element of the crimes, we note it is well-settled that the Commonwealth may establish *mens rea* by circumstantial evidence. **Commonwealth v. Newton**, 994 A.2d 1127, 1132 (Pa. Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010).

> "Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case." "When examining the totality of the circumstances to determine if there is sufficient evidence from which a jury could infer the requisite *mens rea,* we must, as with any sufficiency analysis, examine all record evidence and all reasonable inferences therefrom." In conducting our assessment, we stress again that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner. The trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Id.* (internal citations omitted).

With respect to the crime of RSP, "it is clear that it is designed to criminalize situations where the defendant does not know for certain that the goods are stolen, but nevertheless has: (1) considered the possibility that the goods are stolen and (2) concluded that the answer is at the very least, 'probably.'" ***Id.*** "[T]he defendant must, at a minimum, harbor the personal belief that the item is probably stolen." ***Id.*** (footnote omitted). The intent element is more relaxed with respect to the crime of unauthorized use of an automobile, because the Commonwealth must only establish the defendant was reckless "with respect to the owner's lack of consent to the [defendant's] operation of the vehicle." ***Commonwealth v. Dunlap***, 505 A.2d 255, 257 (Pa. Super. 1985).

Further, it is well-settled that:

> A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods …. However, the mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had reason to know that the property was stolen.

***Commonwealth v. Matthews***, 632 A.2d 570, 572 (Pa. Super. 1993). Other factors which this Court has found relevant in determining whether a defendant possessed the requisite *mens rea* include the defendant's flight from the police when stopped and the condition of the stolen property, such as, in the case of a stolen automobile, whether the vehicle has a broken steering column or is being operated without a key. ***See Commonwealth***

***v. Carson***, 592 A.2d 1318, 1321 (Pa. Super. 1991), *appeal denied*, 600 A.2d 533 (Pa. 1991).

In the present case, E.U. contends the evidence presented during his adjudication hearing established only his mere possession of a recently stolen vehicle. He emphasizes (1) there was no damage to the vehicle which would support an inference that he knew car had been stolen; (2) he was using a key to drive the car; (3) the owner of the car saw suspicious individuals, neither of whom was E.U., in the vicinity of his home near the time it was stolen; and (4) E.U. did not flee or resist arrest when the police approached him, and was driving the car only a few blocks from where it was stolen. E.U.'s Brief at 13-15. E.U. cites this Court's decision in ***Matthews***, ***supra***, for support.

In ***Matthews***, ***supra***, the appellant was convicted of RSP after he was stopped by police driving a stolen car only three days after the car was stolen. ***Matthews***, ***supra***, 632 A.2d at 571. The appellant told police he had rented the car from an acquaintance in exchange for cocaine, so that he could drive to a plumbing job. Although he provided the name of the person who rented him the car, and the plumbing client, the appellant did not present any witnesses at trial. Further, the vehicle "showed no physical manifestations of theft, such as signs of forced entry, broken ignition system or obliterated vehicle identification number." ***Id.*** at 572.

On appeal, a panel of this Court vacated the judgment of sentence after concluding there was insufficient evidence of the appellant's "guilty knowledge." The panel opined:

> [T]he evidence presented by the Commonwealth was insufficient to establish that appellant knew or had reason to believe that the vehicle in question had been stolen. Appellant was cooperative with the police; the car showed no physical signs that it had been stolen; and, appellant offered an explanation for his possession of the vehicle at trial which was consistent with his statement to police at the time of his arrest.

*Id.* at 573. *See also Commonwealth v. Henderson*, 304 A.2d 154 (Pa. 1973) (holding appellant's conviction of RSP not supported by evidence when appellant was stopped driving car that had been stolen three weeks earlier; appellant provided detailed explanation that was not contradicted by the Commonwealth as to how he came to drive the vehicle). Similarly, here, E.U. asserts the evidence did not establish the *mens rea* necessary to support either of his convictions.

However, after considering all the evidence presented during the adjudication hearing, the juvenile court concluded that E.U. knew the car he was driving was stolen or believed it was probably stolen. First, the court noted that E.U., who did not have a driver's license, "was found in possession of the victim's vehicle three days after it was stolen." Juvenile Court Opinion, 11/3/2014, at 4. Moreover, the court emphasized E.U. admitted to police he had the car for three days, which corresponded to the date of the theft. Although E.U. claimed to have received the vehicle from a friend, he refused to name the friend, but rather, told the police "he didn't

- 8 -

want to be a snitch and that he was going to take the hit for this vehicle."

N.T., 8/27/2014, at 21. The juvenile court found E.U.'s refusal to name the

friend from whom he borrowed the car to be evidence of his guilty

knowledge. The court opined:

> [E.U.'s] unwillingness to name his "friend" leads to the conclusion that either there was no friend, or he is protecting that individual due to his knowledge that the vehicle was stolen. Why else would he take the "hit" rather than be labeled a "snitch"? Human nature dictates that if his possession of the vehicle was innocent, he would readily name the person who loaned him the vehicle for three days. [E.U.] did not merely drive the vehicle around the block, but maintained possession of a vehicle which he knew belonged to someone else for three days. It defies logic that he did not have reason to believe it was stolen.

Juvenile Court Opinion, 11/3/2014, at 5.

We detect no basis to disturb the ruling of the juvenile court. The fact

that (1) the vehicle contained no outward signs that it had been stolen and

was being operated by a key, and (2) E.U. did not flee when stopped by

police,[7] while relevant, are not dispositive. We agree with the analysis of

_____

[7] We note that while E.U. did not flee when the police approached him, the circumstances of this case are much different from those where the defendant affirmatively engaged a police officer who was investigating the vehicle. **See Dunlap**, **supra**, 505 A.2d at 257-258 (finding defendant's behavior "inconsistent with the *mens rea* of 'guilty knowledge;'" "[t]he most important circumstance present in this case, however, is the fact that after parking the car and remaining away from it for 10 or 15 minutes, appellant voluntarily returned to it despite the fact that it was surrounded by both civilians and uniformed police officers, asked the police what was the matter, and freely admitted to having driven the automobile."); **Commonwealth v. Williams**, 425 A.2d 795, 797 (Pa. Super. 1981) (finding insufficient evidence of *mens rea* when defendant stopped to ask police for directions;
*(Footnote Continued Next Page)*

the juvenile court that the most damning evidence concerning E.U.'s mental state was his own statement to police. Although he did provide an "explanation" for his possession of the vehicle, stating "he had gotten the car from a friend of his,"[8] he failed to provide any details that might make his story more believable. **Compare Matthews**, **supra**. Indeed, the juvenile court, sitting as fact finder, doubted the veracity of his story.

Further, we agree with the court that E.U.'s refusal to name the friend because "he didn't want to be a snitch"[9] and his resignation to "take the hit for this vehicle,"[10] also support a finding that E.U. knew or believed the vehicle was probably stolen. E.U. attempts to undermine the significance of his own words by emphasizing that "[i]t was just as reasonable to infer, that once [E.U.] knew the vehicle was stolen, he weighed the pros and cons of identifying the individual who allowed him to use the vehicle and decided that the consequences of violating the code of the neighborhood or getting another individual in trouble outweighed the consequences of being charged as a Juvenile." E.U.'s Brief at 15. Nevertheless, we remind E.U., that, as an

*(Footnote Continued)* _____

"[n]ormally, a person in possession of a stolen vehicle does not stop to ask the police for directions."), *disapproved of in* **Commonwealth v. Hogan**, 468 A.2d 493 (Pa. Super. 1983).

[8] N.T., 8/27/2014, at 21.

[9] **Id.**

[10] **Id.**

appellate court, we must view the evidence in the light most favorable to the Commonwealth. *In re V.C.*, *supra*. Moreover, the facts, as proven by the Commonwealth, "need not be absolutely incompatible with a defendant's innocence[,] and "[q]uestions of doubt are for the hearing judge." *Id. See also Newton*, *supra*. Here, the juvenile court found the facts surrounding E.U.'s possession of the stolen vehicle, coupled with his statement to police, established that he knew the vehicle was probably stolen. Because we find no error or abuse of discretion on the part of the juvenile court, we affirm the dispositional order on appeal.[11]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2015

_____

[11] We note that E.U.'s argument focuses on the crime of RSP. Since we have concluded that the evidence was sufficient to establish E.U. knew the car was probably stolen, we, likewise, conclude the evidence was sufficient to demonstrate E.U. was reckless with respect to the owner's lack of consent. *See Commonwealth v. Hogan,* 468 A.2d 493, 496 (Pa. Super. 1983) (holding that, with respect to the crime of unauthorized use of an automobile, "[a]n inference of guilty knowledge… may be drawn from the unexplained possession of recently stolen goods.").