J-S60027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH THOMPSON | |
| Appellant | No. 1289 EDA 2013 |

Appeal from the Judgment of Sentence April 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007995-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 30, 2015**

Ralph Thompson appeals from his judgment of sentence imposed by the Court of Common Pleas of Philadelphia County following his convictions for receiving stolen property[1] and unauthorized use of a motor vehicle.[2] Upon review, we affirm.

On June 1, 2012, Mr. Vitaliy Ignatovets was working as a department manager at Central City Toyota and was responsible for receiving new cars from the port.  On that day, Ignatovets discovered that one of the new cars—a Toyota Highlander with a VIN ending in 155825—was missing.

_____

[1] 18 Pa.C.S.§ 3925.

[2] 18 Pa.C.S.§ 3928.

Ignatovets later learned that a new employee accidentally left the keys in the ignition of the car.

Three weeks later, on June 22, 2012, at approximately 1:30 a.m., Philadelphia Police Officer Clifford Doorley stopped a vehicle for operating without lights. Officer Doorley asked the driver, Elizabeth Rich, to provide her license and registration. Rich provided her license, but not the registration.

Thompson, who was sitting in the front passenger seat and visibly intoxicated, told Officer Doorley that he owned the vehicle. Thompson searched the glove compartment and the front of the vehicle for the ownership paperwork. At the request of Thompson, Officer Doorley allowed him to step out the vehicle and search the rear of the vehicle. Officer Doorley observed Thompson rummage through personal items, including male clothing, while he searched the back of the Toyota Highlander. Thompson was unable to locate any ownership paperwork in the vehicle, and told officer Doorley that the paperwork was likely at home.

Officer Doorley ran the vehicle's VIN and discovered that the vehicle was stolen. Additionally, Officer Doorley ran the vehicle's license plate, which disclosed that it was registered to a 1995 Buick. The stopped vehicle was a Toyota Highlander.

Thompson was arrested and charged with receiving stolen property, criminal conspiracy, and unauthorized use of a motor vehicle.

At trial, Ignatovets testified that he did not know Thompson and did not give him permission to use the Toyota Highlander. He also testified that he did not give anyone permission to use the Toyota Highlander.

On January 24, 2013, at the conclusion of a non-jury trial, the court granted Thompson's motion for judgment of acquittal for the charge of conspiracy, but found him guilty of the aforementioned offenses. On April 4, 2013, the court sentenced Thompson to two and one-half to five years of incarceration, plus two years of reporting probation.

Following sentencing, Thompson filed a timely appeal, presenting the following issues for our review:

> 1. Can the Commonwealth sustain its burden of proof to show that [Thompson] knew or should have known that the car he was a passenger in was stolen where he was intoxicated and the Commonwealth failed to establish that the driver was not allowed to be in possession of the car, or even that the car itself was stolen?
>
> 2. Are the verdicts against the weight of the evidence where the driver of the car defendant was riding in may have been authorized to use the car and the car itself was not stolen?
>
> 3. Was the Commonwealth impermissibly allowed to introduce rank hearsay into evidence to establish [Thompson] received a ride home in his car?

Brief of Appellant, at 10.

In his first issue, Thompson argues that the Commonwealth failed to present sufficient evidence to support his convictions. This Court reviews the sufficiency of the evidence according to the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

- 3 -

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Chine*, 40 A.3d 1239, 1241-42 (Pa. Super. 2012).

At issue here is whether the Commonwealth proved the material elements of the charged crimes. To convict Thompson of receiving stolen property, the Commonwealth was required to prove beyond a reasonable doubt that: (1) the car was stolen, (2) Thompson was in possession of the car, and (3) Thompson knew or had reasonable cause to know that the car was stolen. *See Commonwealth v. Phillips*, 392 A.2d 708, 709 (Pa. Super. 1978). Similarly, to convict Thompson of unauthorized use of a motor vehicle, the Commonwealth was required to prove that he: (1) operated the car without the owner's consent; and (2) knew or had reason to know that he lacked permission to operate the car. *See Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991).

- 4 -

In his challenge to the sufficiency of the evidence, Thompson argues that the Commonwealth could not convict him of receiving stolen property and unauthorized use of a motor vehicle, because the Commonwealth did not prove that he knew that the Toyota Highlander was stolen or that the driver was not allowed to be in possession of the vehicle.

Here, the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to establish that the vehicle was stolen. At the time of his arrest, Thompson was a passenger in a Toyota Highlander operated by another individual. A police officer had stopped the vehicle for a traffic violation and asked the driver for her license and registration. While the driver provided her license, she was unable to produce the vehicle's ownership paperwork. At that time, Thompson told the officer that he was the owner of the vehicle. Thompson then proceeded to search for the registration, but to no avail. As a result, the police officer checked the vehicle's VIN, which disclosed that the vehicle was stolen. The officer also checked the vehicle's plates and discovered that the plates were registered to a 1995 Buick, not a Toyota Highlander. The Commonwealth established that the Toyota Highlander in which Thompson was a passenger was the same vehicle that was reported stolen three weeks earlier.

Assuming that the Toyota Highlander in question was a stolen vehicle, Thompson argues that he cannot be charged with receiving stolen property and the unauthorized use of a motor vehicle based on the fact that he was a passenger in a vehicle operated by another individual at the time of the

traffic stop. *See Commonwealth v. Scudder*, 416 A.2d 1003 (Pa. 1980) (defendant could not be charged with receiving stolen property solely because he was a passenger in stolen vehicle).

Thompson further claims that his statement regarding ownership of the vehicle is not enough to show that he was in possession of the vehicle. *See Commonwealth v. Dunlap*, 505 A.2d 255, 257 (Pa. Super. 1985) (evidence insufficient to support conviction for receiving stolen property even though defendant admitted stolen vehicle belonged to him).

While Thompson is correct that presence inside of a stolen vehicle by itself is not enough to support a finding of receiving stolen property, Thompson overlooks the existence of other evidence. Unlike *Scudde*r, where there was "no showing that appellant exercised conscious control or dominion over [the stolen vehicle and goods]," here the Commonwealth established that Thompson exercised control over the vehicle by Thompson's own statements as to the ownership of the vehicle, as well as Thompson's conduct in freely rummaging through the vehicle for the ownership paperwork. *See Scudder*, *supra* at 1005.

Additionally, in this case, Thompson's statements to the police regarding ownership were sufficient to prove possession. Unlike *Dunlap*, where the Commonwealth did not provide evidence of the defendant's inability to provide ownership paperwork, here the Commonwealth presented evidence showing that Thompson did not possess ownership paperwork. *See Dunlap*, *supra* at 258.

Next, in his second issue, Thompson argues that the verdict was against the weight of the evidence. Before reaching the merits of that question, we must determine whether the weight claim has been properly preserved for consideration on appeal. *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009).

The relevant rule, Pennsylvania Rule of Criminal Procedure 607 provides as follows:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa. R. Crim. P. 607(A)(1)-(3).

Here, Thompson first raised his claim that the verdict was against the weight of the evidence in his brief on appeal. As he did not comply with Rule 607, his claim is waived and we are precluded from engaging in appellate review.

Lastly, Thompson contends that the trial court committed reversible error when it allowed the Commonwealth to introduce hearsay testimony regarding the occupation of the driver of the vehicle.[3] However, upon

---

[3] Decisions regarding the admissibility of evidence are within the discretion of the trial court. *Commonwealth v. Laich*, 777 A.2d 1057, 1060 (Pa.
*(Footnote Continued Next Page)*

examination of the record, Thompson objected to the testimony regarding the driver's occupation based on relevance, not hearsay.

To preserve a claim of error, a party must make "a timely objection, motion to strike, or motion *in limine*," as well as state "the specific ground [for objection], unless it was apparent from the context." Pa.R.E. 103(a)(1)(A)-(B).

The challenged testimony was given by the police officer who stopped the vehicle in which Thompson was a passenger. Defense counsel suggested on cross-examination that Thompson told the police that it was his vehicle to help out "the nice lady" who was giving him a ride home. In response, the Commonwealth tried to refute the claim, and the following exchange ensued on redirect examination:

> Q: Were you able to ascertain the profession of the woman that was driving the car?
>
> [Appellant's Counsel]: Relevance, Your Honor.
>
> The Court: Sustained unless you can give me some offer of proof.
>
> [ADA]: Your Honor, the offer of proof would be the nice person that was driving the individual home isn't such a nice person.
>
> The Court: I'll let it go since you offered up testimony that she was a nice person.

*(Footnote Continued)* ⸻⸻⸻⸻⸻

2001). Thus, this Court will not reverse the trial court's decision unless the trial court abused its discretion. ***Id.***

[ADA]: Were you able to ascertain the profession of the individual that's driving the car?

A: Yes.

Q: Okay. And what was that?

A: She was a bartender.

N.T. Trial, 1/24/13, at 24-25.

While Thompson now argues that the information regarding the driver's occupation is hearsay, Thompson did not articulate this specific objection at trial. Instead, Thompson objected to the testimony based on relevance. The situation here is similar to **Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa. Super. 2014), where the appellant objected to the admission of evidence at trial on the basis of relevance, but then claimed on appeal that the trial court erred in admitting hearsay. **Id.** This Court denied relief, noting, "[a]s Appellant failed to state the specific grounds of his hearsay objection in the trial court, and the specific grounds were not apparent from the record, the issue is not preserved for appellate review." **Id.** Similarly, here, Thompson did not preserve the issue. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, Thompson's hearsay claim is waived and we are precluded from review it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2015