J-A06038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JESUS HEARD | |
| Appellant | No. 2119 EDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012234-2014

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 07, 2017**

Heard was seen driving a stolen vehicle one week after it was stolen. When the owner arrived to reclaim the abandoned vehicle, Heard approached her and asked if he could retrieve his personal items from inside the vehicle. The trial court, sitting in a bench trial, found Heard guilty of receiving stolen property and unauthorized use of a motor vehicle. On appeal, Heard raises two challenges to his convictions and one challenge to the restitution imposed. After careful review, we affirm Heard's convictions, but conclude that the trial court denied Heard the opportunity to present evidence on restitution, and therefore vacate the judgment of sentence and remand for resentencing.

In his first issue on appeal, Heard argues that the evidence presented at trial was insufficient to support his conviction for receiving stolen

property. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. **See Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is utterly incapable of supporting the necessary inferences. **See id**. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004).

Here, Heard was convicted of receiving stolen property ("RSP"). Thus, the Commonwealth was required to prove that "he intentionally receive[d], retain[ed], or dispose[d] movable property of another knowing that it ha[d] been stolen, or believing that it ha[d] probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). The crime has three elements: (1)

- 2 -

intentionally taking possession of another person's movable property; (2) knowing or believing that it has been stolen; and (3) an intent to deprive the rightful owner of her property permanently. ***See Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*).

Heard specifically challenges the sufficiency of the Commonwealth's evidence to prove that he knew or had reason to believe that the car had been stolen. He correctly argues that evidence of mere possession of stolen property is insufficient to establish this guilty knowledge under our case law. ***See id***., at 267-268.

However, we have sanctioned many other forms of circumstantial evidence to support an inference of guilty knowledge. Evidence that the property was only recently stolen allows for an inference of guilty knowledge. ***See id***., at 268. Other acceptable forms of circumstantial evidence

> may include, inter alia, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

***Id***. (citations omitted).

Initially, we observe that the Commonwealth presented evidence that Heard was seen operating the vehicle six days after it was stolen. ***See*** N.T., Bench Trial, 4/15/15, at 7-8, 18-19. We have previously held that evidence

of possession within a week of the theft is sufficient to permit an inference of guilty knowledge. *See Commonwealth v. Hogan*, 468 A.2d 493, 498 (Pa. Super. 1983) (*en banc*) ("We cannot say as a matter of law a period of four weeks was so great as to render impermissible the inference of guilty knowledge …"); *Commonwealth v. Walters*, 378 A.2d 1232, 1236-1237 (Pa. Super. 1977) (finding inference of guilty knowledge permissible based upon evidence of possession six days after theft).

Heard argues that this Court has vacated a conviction for RSP where the defendant was in possession of a damaged vehicle that had been stolen a mere nine days previously. *See Commonwealth v. Dunlap*, 505 A.2d 255 (Pa. Super. 1985). However, Heard fails to acknowledge that the *Dunlap* panel found that the recency evidence in that case was sufficient to permit an inference of guilty knowledge. *See id*., at 257. The panel reversed the conviction due to its conclusion that other circumstantial evidence rendered the inference of guilty knowledge unreasonable. *See id*., at 257-258.

Heard attempts to analogize the circumstances of the present case to those in *Dunlap*. There, the defendant returned to the stolen vehicle fifteen minutes after parking it. *See id*., at 257. He approached the vehicle, even though it was surrounded by uniformed police officers. *See id*. He asked the police why they were present, and voluntarily admitted that he had driven the stolen vehicle. *See id*., at 258.

The **Dunlap** panel quoted a previous opinion for the proposition that "[n]ormally, a person in possession of a stolen vehicle does not stop to ask the police for directions." **Id**. (quoting **Commonwealth v. Williams**, 425 A.2d 795, 797 (Pa. Super. 1981)). The panel then opined that, "[s]imilarly, a person in possession of a stolen vehicle does not normally return to the vehicle when it is surrounded by police and civilians, ask what is the matter, and admit to having driven the car." **Id**.

In contrast, Heard did not return to the stolen vehicle until four days after he had abandoned it. **See** N.T., Bench Trial, 4/15/15, at 26. He approached an owner of the vehicle, not uniformed police officers. **See id**. This distinction is important, as the owner was not likely to attempt to arrest or otherwise detain Heard when he admitted to having driven the vehicle. Thus, his admission was not nearly as contrary to guilty knowledge as the defendant's in **Dunlap**.

The evidence presented by the Commonwealth at trial was sufficient to allow the factfinder to infer that Heard knew or had reason to believe that the vehicle was stolen. Heard does not identify any innocent explanation for his possession of the stolen vehicle. And none of the other circumstantial evidence precluded a finding of guilty knowledge. Heard is due no relief on this issue.

In his second issue, Heard argues that the trial court erred in failing to grant a new trial when Commonwealth failed to disclose exculpatory

evidence until after trial. Specifically, he argues that the Commonwealth failed to produce an insurance claim form that would have undercut the owner's testimony regarding damage to the vehicle. Appellant argues that this evidence would have impeached the Commonwealth's contention that damage to the vehicle supported an inference of guilty knowledge.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court declared that due process is offended when the prosecution withholds evidence favorable to the accused. Heard claims that the Commonwealth's failure to produce the insurance form until after trial constitutes a *Brady* violation. As there is simply no evidence in the record establishing when the Commonwealth procured the insurance form prior to turning it over, we cannot conclude that Appellant is entitled to relief. The Commonwealth has no duty to produce a document that it or its associated agencies do not possess. *See Commonwealth v. Ovalles*, 144 A.3d 957, 965 (Pa. Super. 2016) ("The duty to disclose is limited to information in the possession of the government bringing the prosecution …").

In his third and final argument, Heard contends that the trial court erred in preventing him from contesting restitution. The Commonwealth argues that this claim is a challenge to the discretionary aspects of Heard's sentence. *See* Appellee's Brief, at 25-26. We disagree. Heard asserted his desire to challenge the amount of restitution sought by the Commonwealth. *See* N.T., Sentencing Hearing, 6/17/15, at 10-11. After indicating that it

would address restitution later in the hearing, the trial court ultimately did not allow Appellant to present evidence on the issue. ***See id***., at 14-15.

Heard's challenge is not to the weight or sufficiency of the evidence supporting the restitution award. Rather, Heard's claim is that he was improperly denied the right to present evidence on the issue. And he is correct. ***See Commonwealth v. Ortiz***, 854 A.2d 1280, 1282 (Pa. Super. 2004) (*en banc*) ("Although [restitution] is mandatory … it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process.") Sentencing courts are vested with discretion regarding admission of evidence, but there is no indication in the transcript that the court considered Heard's proffer. As a result, we vacate the award of restitution and remand for a full hearing on the issue.

Convictions affirmed, judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2017