J-A27026-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS LEROY STIFFLER | : | |
| | : | |
| Appellant | | No. 667 WDA 2017 |

Appeal from the Judgment of Sentence March 1, 2017
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000388-2016

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED December 1, 2017

Appellant, Douglas Leroy Stiffler, appeals from the judgment of sentence entered on March 1, 2017. We affirm.

The trial court set forth the factual background of this matter as follows:

> [Appellant] entered [into] a relationship with the victim, Penny McClaine, in July of 2014. McClaine is a resident of Clarion County. At the time, McClaine owned a 2001 GMC truck that she intended to sell. In the fall of 2014, [Appellant] began using the truck regularly with McClaine's permission. Eventually, [Appellant] offered to purchase the truck from McClaine for $3,000, and she agreed. [Appellant] continued to use the truck regularly, but did not make any payments.

> In January of 2016, McClaine ended her relationship with [Appellant] and requested payment for the truck, which was still in [Appellant's] possession. In the weeks following their break-up, McClaine attempted to arrange a time to transfer title of the truck to [Appellant] and collect payment. On at least two

occasions, [Appellant] agreed to meet McClaine to complete the transaction, but failed to appear at the arranged date and time. In March of 2016, McClaine informed [Appellant] that she wanted the truck back, and she arranged to meet him and pick up the truck at his residence in Mahaffey, Clearfield County. [Appellant] cancelled this meeting shortly before McClaine arrived to pick up the truck, stating that he had to take the truck to work. On another occasion, McClaine drove to [Appellant's] work place in Altoona, Blair County, to retrieve the vehicle using her spare set of keys. The truck was not at the site, and after speaking with [Appellant] on the phone to ask where it was, he told McClaine that [the truck] was in Huntingdon, Huntingdon County. [Appellant] again told McClaine that he would return her truck.

McClaine first spoke with Pennsylvania State Police Trooper Mark Graf about retrieving her truck on March 13, 2016. Trooper Graf called [Appellant] on McClaine's behalf and told him that he needed to return the truck to McClaine. [Appellant] stated that he would return the truck as soon as possible, but mentioned that he was currently working out of state. On April 16, 2016, Trooper Graf received another call from McClaine, who informed him that her truck had still not been returned. Trooper Graf left a voicemail for [Appellant] instructing him to return the truck and informing him that he may need to start compiling information for a police report if the truck was not returned promptly. [Appellant] left a return voicemail for Trooper Graf, again acknowledging that he needed to return the truck.

Approximately one month later, McClaine again contacted Trooper Graf to inform him that the truck had not been returned. Trooper Graf attempted to call [Appellant] but did not get an answer, so he called [Appellant's] work place and requested they have [Appellant] call him. [Appellant] then left another voicemail for Trooper Graf stating that he knew he had to return the truck. When the truck was still not returned, Trooper Graf filed the Criminal Complaint for Unauthorized Use of a Motor Vehicle on June 14, 2016. State police in Hollidaysburg, Blair County, executed the arrest warrant on [Appellant] on July 11, 2016, and secured the truck. [Appellant] was arrested on his way to work in Altoona, Blair County.

Trial Court Opinion, 4/12/17, at 1-3.

Appellant was charged with one count of unauthorized use of automobiles and other vehicles.[1] On February 6, 2017, following a jury trial, Appellant was found guilty. On February 8, 2017, Appellant's motion for judgment of acquittal was denied. On March 1, 2017, the trial court sentenced Appellant to a minimum term of nine months to a maximum term of two years less one day, with credit for time served. On March 2, Appellant filed a post-sentence motion that was denied on April 12, 2017. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant raises the following issue for this Court's consideration:

> Did the Commonwealth fail to present sufficient evidence for the jury to find Appellant guilty of Unauthorized Use of a Motor Vehicle beyond a reasonable doubt?

Appellant's Brief at 4.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient

---

[1] 18 Pa.C.S. § 3928(a).

[2] The trial court's Pa.R.A.P. 1925(a) opinion incorporated by reference the April 12, 2017 opinion and order that disposed of Appellant's post-sentence motion.

to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

Commonwealth v. Trinidad, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting Commonwealth v. Emler, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

The crime underlying this appeal is codified as follows:

§ 3928. Unauthorized use of automobiles and other vehicles

(a) Offense defined.-A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

(b) Defense.-It is a defense to prosecution under this section that the actor reasonably believed that the owner would have consented to the operation had he known it.

18 Pa.C.S. § 3928. "A conviction for unauthorized use of a vehicle must be predicated on proof that the defendant operated the vehicle without the owner's consent and that the defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle." Commonwealth v. Carson, 592 A.2d 1318, 1321 (Pa. Super. 1991).

Our courts have held that whether a person is in actual physical control of a motor vehicle is determined based on the totality of the circumstances, including the location of the vehicle, whether the engine was running, and whether there was other evidence indicating that the defendant had driven the vehicle at some point prior to the arrival of police on the scene. Commonwealth v. Wolen, 685 A.2d 1384, 1385 (Pa. 1996). With respect to the crime of unauthorized use of an automobile, the intent element is more relaxed because the Commonwealth must establish only that the defendant was reckless "with respect to the owner's lack of consent to the accused's operation of the vehicle." Commonwealth v. Dunlap, 505 A.2d 255, 257 (Pa. Super. 1985); see also Commonwealth v. Hogan, 468 A.2d 493, 495-496 (Pa. Super. 1983) (finding recklessness as minimum standard for mens rea for crime of unauthorized use of automobiles and other vehicles).

Here, the Commonwealth established that McClaine, the owner of the vehicle, demanded that Appellant return her truck. N.T., 2/6/17, at 12. Moreover, McClaine sought the assistance of the Pennsylvania State Police in retrieving her truck from Appellant. Id. at 13. Pennsylvania State Trooper Graf contacted Appellant and informed him that he was to return the truck to McClaine. The evidence reveals that on each occasion McClaine and Trooper Graf had contact with Appellant, Appellant acknowledged he had to return McClaine's truck. Id. at 15, 26, and 28. However, despite multiple

opportunities to return the vehicle, Appellant opted to retain possession and continued to use the truck.

After review, we conclude that the Commonwealth established evidence that was sufficient to prove that Appellant recklessly used McClaine's truck without her authorization. Dunlap, 505 A.2d at 257. Accordingly, Appellant's argument is meritless.

We find that the Commonwealth adduced sufficient evidence to establish the crime of unauthorized use of a motor vehicle. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017