J-S27016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYSHAUN Q. WALKER | : | |
| | : | |
| Appellant | : | No. 2669 EDA 2023 |

Appeal from the Order Entered September 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0019610-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 26, 2024**

Appellant Ryshaun Q. Walker appeals from the order entered in the Court of Common Pleas of Philadelphia County (*certiorari* court) denying his petition for a writ of *certiorari* following his conviction by the Philadelphia Municipal Court on the charge of unauthorized use of an automobile (UUA).[1] We affirm.

The *certiorari* court summarized the factual background as follows:

> At [Appellant's non-jury] trial in the Municipal Court for the charge of [UUA], there was a stipulation that Gina Pugh, if called, would testify that she was the owner of a 2011 Hyundai Tucson, Pennsylvania license number KYS-2700.  It was further stipulated that Pugh did not know [Appellant] and she had not given [Appellant] or anyone permission to use the vehicle. . . . A second stipulation was entered stating that [Appellant's] sister, Essence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3928(a).

[McLaughlin], would testify that she is familiar with [Appellant's] reputation in the community for being law-abiding and his reputation is excellent.

The Commonwealth called Philadelphia Police Officer Joel Torres . . . to testify. At approximately 9:00 a.m. on November 9, 2022, he had received information about a stolen vehicle involved in a carjacking that was parked at 3012 West Gordon Street. [Officer] Torres drove to that location with his partner and observed the Hyundai Tucson parked on the left side of the road. The vehicle had heavily tinted windows and [Officer] Torres could not see inside the vehicle. He circled around the block, stopped about three car lengths from the vehicle and summoned a police tow vehicle. He waited approximately 25 minutes for the tow truck to arrive. During this time, he did not see any person enter or exit or come and go from the vehicle. When the tow truck arrived, [Officer] Torres [and his partner] approached the vehicle and observed [Appellant] in the driver's seat. [Officer Torres] opened the door and observed the key in the ignition and the engine was running. There was no visible damage to the steering column or windows. He confirmed that the vehicle was a 2011 Hyundai Tucson, Pennsylvania license number KYS-2700 and [Appellant] did not provide any paperwork including registration for the vehicle. [Appellant] appeared a little nervous but was otherwise complying with [Officer] Torres' requests. [Officer] Torres asked him what he was doing and [Appellant's] explanation was that he was just sitting there. He did not run or attempt to flee and [also] asked if he could call a female who lived nearby.

[Appellant] testified in his defense. He stated that on that morning he was walking to a store for his girlfriend when he encountered a man wearing a Covid mask who was having problems with his car. The man asked [Appellant] if he knew of a repair shop in the area. [Appellant] told him that he himself worked on cars and offered to examine the car. The man told [Appellant] that he had to go a store and told him that he could sit in the car until he came back. While [Appellant] was sitting in the car, [Officer] Torres walked up to the front windshield of the vehicle, pulled his gun and handcuffed [Appellant] when he exited the vehicle. [Appellant] told the officer that he did not steal the car. [Appellant] testified that he did not know the man in the Covid mask and never saw him before. He could not provide any description of the masked man and testified that he never told the officers about the unidentified masked man who requested his assistance regarding a mechanic.

- 2 -

*Certiorari* Ct. Op., 12/12/23, at 2-4 (citations and footnote omitted).

On April 10, 2023, the municipal court found Appellant guilty of UUA and sentenced Appellant to one year of probation. Appellant filed a timely petition for a *writ of certiorari* challenging the sufficiency of the evidence supporting his UUA conviction. Following oral argument, the *certiorari* court denied Appellant's petition. Appellant then filed timely notice of appeal to this Court.[2] Both Appellant and the *certiorari* court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Was the evidence insufficient to convict [Appellant] of unauthorized use of automobiles and other vehicles where the Commonwealth failed to prove that he acted with the requisite *mens rea*?

Appellant's Brief at 2.

Appellant argues that "[t]o sustain a conviction for [UUA], the Commonwealth must prove that a defendant operated a vehicle, without the owner's consent and that he acted at least recklessly with respect to the owner's lack of consent to operate the vehicle." *Id.* at 6. Appellant contends that the evidence was insufficient to establish that he acted recklessly

---

[2] In his notice of appeal, Appellant erroneously stated that the appeal was from the municipal court's judgment of sentence entered on April 10, 2023. In matters where a defendant filed a petition for a *writ of certiorari* with the court of common pleas following a conviction before the municipal court, this Court has characterized such appeals as lying from the order denying the petition for a *writ of certiorari*. ***See, e.g.***, ***Commonwealth v. Stauffenberg***, 318 A.3d 399, 401 (Pa. Super. 2024). We have amended the caption accordingly.

regarding the owner's lack of consent to operate the vehicle because at the time of his arrest, the vehicle's keys were in the ignition and the vehicle had not been damaged. *Id.* at 8. Appellant further claims that the municipal court's disbelief of his trial testimony is insufficient to establish the requisite *mens rea* for UUA. *Id.* at 10 (citing **Commonwealth v. Torres**, 766 A.2d 342, 345 (Pa. 2001)).

This Court has explained that "when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court." **Commonwealth v. Coleman**, 19 A.3d 1111, 1119 (Pa. Super. 2011) (citations omitted). "[A] petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." **Commonwealth v. Menezes**, 871 A.2d 204, 206 n.2 (Pa. Super. 2005) (citation omitted). "*Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." **Commonwealth v. Sears**, 311 A.3d 34, 38 (Pa. Super. 2024) (citation omitted).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded

to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted and formatting altered). Further, "as an appellate court, we may affirm on any legal basis supported by the certified record." *Commonwealth v. Williams*, 125 A.3d 425, 433 n.8 (Pa. Super. 2015) (citation omitted).

The offense of UUA is as follows:

**(a) Offense defined.**—A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

18 Pa.C.S. § 3928(a).

"In order to establish the *mens rea* element of the crime of unauthorized use of automobiles, the Commonwealth must prove that the accused was at least reckless with respect to the owner's lack of consent to the accused's operation of the vehicle." *Commonwealth v. Dunlap*, 505 A.2d 255, 257 (Pa. Super. 1985) (citation omitted). Additionally, the defendant's knowledge of or recklessness as to the owner's lack of consent to the defendant's operation of the vehicle "may be demonstrated by circumstantial evidence, and an inference of guilty knowledge may be drawn from unexplained possession of recently stolen goods. Whether possession is recent and whether it is unexplained are normally questions of fact for the trier of fact."

*Id.* (citations omitted). Where a defendant is unable to produce a driver's license or registration card for the vehicle, the "evidence [is] sufficient to infer recklessness" as to the owner's lack of consent to operate the vehicle. *Id.* at 258 (citing **Commonwealth v. Utter**, 421 A.2d 339 (Pa. Super. 1980)); **see also** 75 Pa.C.S. § 1311(b) (requiring the driver of a vehicle to carry a registration card for that vehicle and produce it on demand of any police officer).

Our Supreme Court has explained that "the Commonwealth cannot sustain its burden of proof solely on the fact finder's disbelief of the defendant's testimony. The disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." **Torres**, 766 A.2d at 345 (citation omitted and formatting altered).

In its Rule 1925(a) opinion, the *certiorari* court concluded that the evidence was sufficient to sustain Appellant's conviction because the municipal court judge found that Appellant's testimony explaining his possession of the vehicle was not credible. **See** *Certiorari* Ct. Op. at 8. The *certiorari* court further observed that Appellant "never produced any paperwork including the registration for the vehicle." *Id.* at 8-9.

Following our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to support Appellant's conviction for UUA. **See Palmer**, 192 A.3d at 89. Here, the evidence presented at trial established

that Gina Pugh owns the 2011 Hyundai Tucson and that she did not give Appellant permission to operate that vehicle. *See* N.T. Trial, 4/6/23, at 6-7. Police Officer Joel Torres testified that he had received information concerning a stolen vehicle involved in a carjacking, parked in the area at 3012 West Gordon Street. He stated that he observed a Hyundai Tucson vehicle, whose windows were heavily tinted, and he could not see inside, parked on the street for approximately twenty-five minutes, with no one entering or exiting, before he and his partner approached it. *See id.* at 8-14. When Officer Torres approached, Appellant was seated in the driver's seat of the vehicle with the engine running. *See id.* at 11, 14-15. The keys were in the ignition and there was no visible damage to the steering column or windows. *See id.* at 15. When Officer Torres asked Appellant what he was doing, Appellant, appearing nervous, replied that he was "just sitting there." He did not run or flee and asked if he could call a female who lived nearby. *Id.* at 14. Appellant was not able to produce any paperwork for that vehicle, including the registration card. *See id.* at 11.

Based on the totality of the circumstances, including Appellant's inability to produce paperwork, such as the registration card, for the Tucson vehicle upon Officer Torres' request supports the inference that Appellant was reckless as to the owner's lack of consent to his operation of the vehicle. *See Dunlap*, 505 A.2d at 258; *Utter*, 421 A.2d at 341. Therefore, the Commonwealth's evidence that established the required *mens rea* was not solely based on the fact finder's disbelief of Appellant's testimony. *Cf. Torres*, 766 A.2d at 345.

For these reasons, we conclude that Appellant is not entitled to relief, albeit on partially different grounds that the *certiorari* court. ***See Williams***, 125 A.3d at 433 n.8. For these reasons, we affirm the order denying Appellant's petition for a writ of *certiorari*.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2024