632 A.2d 570

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Walter D. MATTHEWS A/K/A Prise Lin Matthews, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1993.

Filed Oct. 22, 1993.

Mitchell A. Kaufman, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before KELLY, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County, following appellant's conviction on charges of receiving stolen property

and driving while under suspension or revocation. Appellant questions whether the evidence was sufficient to sustain his conviction for receiving stolen property. Upon review, we find that the evidence was not sufficient to support his conviction for receiving stolen property. Accordingly, we vacate his judgment of sentence as to that charge.[1]

"The test of the sufficiency of the evidence in a criminal case is whether, viewing the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Carter*, 329 Pa.Super. 490, 495–496, 478 A.2d 1286, 1288 (1984); *Commonwealth v. Peduzzi*, 338 Pa.Super. 551, 555, 488 A.2d 29, 31–32 (1985). Applying that standard, the record reveals the following facts: On January 9, 1992, William Murphy discovered that his home had been burglarized. Among the items taken from his home were the keys to his 1984 Dodge Aries automobile. The car had also been stolen.

On January 13, 1992, at approximately 2:00 a.m., Pittsburgh Police Officer David Bush spotted appellant driving the stolen car and directed appellant to stop the car. Appellant pulled the car to the side of the road. Officer Bush then asked appellant to produce his driver's license and owner's registration. Appellant was unable to produce either. The officer then informed appellant that the vehicle had been reported stolen, and appellant seemed surprised by that information. N.T., 8/3/92, p. 17. Appellant told the officer that he obtained the car earlier that evening from "Chuck" at Walsh's Bar in East Liberty in exchange for two "rocks" of crack cocaine.

At trial, appellant testified that he had rented the car from Charles Lewis in exchange for two "rocks" of crack cocaine which cost $35.00. Appellant stated that he had seen Lewis with the car the day before. Appellant decided to rent the car rather than hire a jitney. He testified that he needed the car

1. We note that appellant has not appealed his judgment of sentence for driving while under suspension or revocation.

to travel to Penn Hill in order to perform a plumbing job at the home of Edward Thorton, and, at the time he was stopped by Officer Bush, he was on his way to return the car to Charles Lewis.

Although appellant did not present any testimony from Charles Lewis or Edward Thorton, the Commonwealth did not offer any rebuttal of appellant's testimony. It is undisputed that the vehicle showed no physical manifestations of theft, such as signs of forced entry, broken ignition system or obliterated vehicle identification number.

■ The crime of receiving stolen property is defined as follows: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925. In order to obtain a conviction for receiving stolen property, the Commonwealth must prove beyond a reasonable doubt that the property was stolen, the defendant was in possession of the property and the defendant knew the property was stolen or had reason to believe the property was stolen. *Commonwealth v. Stafford,* 424 Pa.Super. 591, 597, 623 A.2d 838, 841 (1993) (*en banc*) (collecting cases).

■ Thus, the question before us is whether the Commonwealth established the necessary *mens rea,* i.e., whether appellant knew or had reason to believe the property was stolen. A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods without infringing upon an accused's right of due process or his right against self-incrimination. *Commonwealth v. Williams,* 468 Pa. 357, 357, 362 A.2d 244, 248–249 (1976). *See also, Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). However, the mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had

reason to know that the property was stolen. *Williams,* 468 Pa. at 365–366, 362 A.2d at 248, n. 7.

Instantly, the Commonwealth established that appellant was in possession of a vehicle stolen three days earlier. However, appellant testified that he rented the vehicle from Charles Lewis for two "rocks" of crack cocaine with a value of $35.00. He further testified that he rented the car to travel to Penn Hills to perform a plumbing job at the home of Edward Thorton and that he was on his way to return the car when the officer stopped him. While appellant did not present the testimony of either Lewis or Thorton, the Commonwealth did not offer any evidence which contradicted appellant's testimony. Moreover, the evidence revealed that appellant was cooperative with the officer, and, most significantly, the automobile did not display any physical signs that it had been stolen.

The facts of this case are almost identical to those of *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973). In *Henderson,* the defendant was arrested when a police officer observed him driving a vehicle which had been stolen three weeks earlier. The defendant was not able to produce a valid owner's card. He explained that he had borrowed the car from a person he met earlier in that day named "Richard". The car did not show any signs that it had been stolen. Therein, our Supreme Court found that the evidence was insufficient to establish the necessary *mens rea.* The Court noted that except for the fact that the car was stolen there was "little else to support an inference that the defendant had reason to know or knew that the car and plate were stole." *Henderson,* 451 Pa. at 457, 304 A.2d at 157.[2]

2. We recognize that the holding of *Henderson, supra,* has been modified by that of *Williams, supra,* since it is now permissible to infer guilty knowledge by the unexplained possession of a recently stolen vehicle. However, we do not find that *Williams, supra,* mandates that we affirm appellant's conviction. In *Williams, supra,* the defendant attempted to flee from police and offered no explanation for his possession of the vehicle. Thus, in *Williams, supra,* it was entirely appropriate to infer the necessary *mens rea.* However, presently, appellant was cooperative with authorities, seemed surprised when he was informed that the car was stolen, and explained his possession of the vehicle both upon arrest and at trial.

Many other cases where the evidence was found to be insufficient present similar facts to those before us, including *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975) (accused who was driving stolen car which had no physical manifestation of theft claimed he borrowed car from an acquaintance; evidence was insufficient to sustain conviction for receiving stolen property); *Commonwealth v. Stufflet*, 291 Pa.Super. 516, 436 A.2d 235 (1981) (accused was driving stolen car with no physical manifestation of theft claimed the car was his; evidence was insufficient to sustain conviction for receiving stolen property); *Commonwealth v. Williams*, 284 Pa.Super. 244, 425 A.2d 795 (1981) (accused driving stolen vehicle with no physical manifestation of theft stopped to ask police for directions; evidence was insufficient to sustain conviction for receiving stolen property). The present case is not similar to those cases where the condition of the vehicle clearly indicated that it had been stolen or where the actions of the accused support the inference that he knew the vehicle was stolen. *See, Commonwealth v. Murray*, 246 Pa.Super. 422, 371 A.2d 910 (1977) (car driven without ignition key and ignition wires pulled down; accused attempted to flee when approached by police); *Williams*, 468 Pa. 357, 362 A.2d 244 (accused attempted to flee scene and offered no explanation for his possession of stolen vehicle).

In sum, we find that the evidence presented by the Commonwealth was insufficient to establish that appellant knew or had reason to believe that the vehicle in question had been stolen. Appellant was cooperative with the police; the car showed no physical signs that it had been stolen; and, appellant offered an explanation for his possession of the vehicle at trial which was consistent with his statement to police at the time of his arrest. Accordingly, we vacate appellant's judgment of sentence for receiving stolen property.

Judgment of sentence vacated.