J-S21008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN BRYANT, | |
| Appellant | No. 1747 EDA 2015 |

Appeal from the Judgment of Sentence May 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007897-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 02, 2016**

Kevin Bryant appeals from the judgment of sentence of eighteen months' to five years' incarceration and two years of concurrent probation, imposed May 11, 2015, following a bench trial resulting in his conviction for receiving stolen property and unauthorized use of automobiles and other vehicles.[1]  We affirm.

In June 2014, the owner of a 2012 Honda Accord bearing New York license plates reported his vehicle stolen.  Ten days after this report, Officer Marlin Robinson was on regular patrol in Philadelphia, in a marked cruiser, when he spotted Appellant driving a 2012 Honda Accord with New York

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, **see** 18 Pa.C.S. §§ 3925 and 3928.

plates. Officer Robinson ran the plates, discovered the vehicle was stolen, and proceeded to follow the vehicle.

After three blocks, Appellant parked the car and got out, along with his passenger. Appellant and his passenger walked away from the vehicle. Officer Robinson exited his cruiser, apprehended Appellant, and returned him to the Honda. As he returned, Officer Robinson discovered a Honda car key and electronic "fob" on the ground near the vehicle. He tested these items and confirmed that they operated the vehicle.

Neither the owner of the vehicle, nor its regular driver (the owner's daughter), knew Appellant or gave him permission to drive the car. Appellant offered no explanation for his possession of it.

Appellant was arrested and charged. In May 2015, following a waiver trial, he was convicted and sentenced as cited above. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.[2] The trial court issued a responsive opinion.

On appeal, Appellant challenges the sufficiency of the evidence to convict him of receiving stolen property. **See** Appellant's Brief at 3. We review a challenge to the sufficiency of the evidence *de novo*. **Commonwealth v. Robinson**, 128 A.3d 261, 264 (Pa. Super. 2015) (*en banc*). "[O]ur scope of review is limited to considering the evidence of

_____

[2] With the court's permission, Appellant also filed a supplemental statement, raising the same issues.

record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Id.* (citation omitted).

> The crime of receiving stolen property is defined as follows:
>
> A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a). Essentially, the Commonwealth must prove (1) the property was stolen; (2) the defendant received the property; and (3) the defendant knew or had reason to know it had been stolen. *See, e.g.*, *Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993). Mere possession of stolen property is insufficient. *Id.* at 571. However, guilty knowledge may be inferred from circumstantial evidence. *Robinson*, 128 A.3d at 265; *see also, e.g.*, *Commonwealth v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002) ("A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods[.]"); *Commonwealth v. Worrell*, 419 A.2d 1199, 1202 (Pa. Super. 1980 (concluding that a defendant's efforts to conceal his connection to stolen property implied his guilty knowledge); *Commonwealth v. Phillips*, 392 A.2d 708, 710 (Pa. Super. 1978) (concluding that the absence of any relationship between the owner of property and the defendant implied guilty knowledge).

Appellant contends that the Commonwealth failed to prove that he knew or had reason to know that the vehicle he was driving was stolen. *See* Appellant's Brief at 9. Citing in support, *Matthews*, 632 A.2d at 571, Appellant asserts that mere possession is insufficient to prove guilty knowledge and that there must be "other evidence." Appellant's Brief at 10. For example, according to Appellant, there was no evidence that he discarded the Honda key in an attempt to disassociate himself from the stolen vehicle. Rather, Appellant suggests, dropping the key may have been an accident. *See id.* at 12. Thus, Appellant concludes, any inference that he knew or had reason to know the vehicle was stolen was unwarranted and insufficient to support his conviction. *Id.* at 13.

Appellant's argument is not persuasive. In *Matthews*, the defendant was stopped by police while driving a stolen vehicle. *Matthews*, 632 A.2d at 571. The defendant explained that he had rented the vehicle from an acquaintance earlier in the evening so he could perform a plumbing job. *Id.* at 572. Though convicted following a trial, we vacated the defendant's judgment of sentence, concluding that apart from the defendant's possession of the stolen vehicle, the Commonwealth had offered no additional evidence supporting an inference of guilty knowledge, and in light of the defendant's explanation, the evidence was insufficient. *Id.* at 573.

Here, the police, in a marked patrol car, followed Appellant driving the stolen Honda for three blocks. In our view, this evidence is sufficient to

support an inference that Appellant knew the police were following him. Thereafter, Appellant abandoned the car and its key. In our view, these additional facts support an inference that Appellant sought to conceal or disassociate himself from the stolen vehicle. *See Worrell*, 419 A.2d at 1202. The owner of the vehicle did not know Appellant or give him permission to operate the vehicle, further supporting an inference of guilty knowledge. *See Phillips*, 392 A.2d at 710. Finally, Appellant offered no explanation for his possession of the stolen Honda. *Contra Matthews*, 632 A.2d at 573. In our view, these facts, taken together, amply support an inference that Appellant knew or had reason to know that the vehicle he was driving was stolen. *See Robinson*, 128 A.3d at 265.

Appellant's reliance upon *Matthews* is misplaced, and his claim is without merit. The evidence against Appellant was sufficient to establish his guilt for receiving stolen property. Thus, we affirm the judgment of sentence.[3]

Judgment of sentence affirmed.

_____

[3] To the extent Appellant suggests that the trial court erred in failing to draw inferences more favorable to him, *see* Appellant's Brief at 11-12, we reiterate that our standard of review requires that we examine the record in the light most favorable to the Commonwealth as verdict winner. *See Robinson*, 128 A.3d at 264.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2016