J-S79010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.H. | : | No. 1582 EDA 2015 |

Appeal from the Dispositional Order May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-JV-0000686-2015;

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 02, 2016**

Appellant, S.H., appeals from the dispositional order entered in the Philadelphia County Court of Common Pleas, following his bench trial adjudications of delinquency for theft, receiving stolen property ("RSP"), conspiracy, and unauthorized use of a motor vehicle.[1] We affirm.

The trial court fully set forth the relevant facts and procedural history of this case in its opinion. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WAS NOT THE EVIDENCE INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTIONS FOR THEFT AND [RSP] WHERE THE COMMONWEALTH FAILED TO ESTABLISH THAT APPELLANT KNEW OR SHOULD HAVE KNOWN THE VEHICLE WAS STOLEN, AS IT WAS DRIVEN BY A CHILD WHO USED KEYS?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the

_____

[1] 18 Pa.C.S.A. §§ 3921(a); 3925; 903; 3928.

applicable law, and the well-reasoned opinion of the Honorable Robert Rebstock, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed January 11, 2016, at 6-10) (finding: at time of offenses, Appellant was approximately fifteen years old and not legally permitted to purchase, rent, or operate vehicle due to his age; Appellant claimed he rented vehicle from man he knew only as Bill; Appellant's testimony was incredible; police stopped vehicle Appellant was driving one day after it had been reported stolen, and vehicle had broken rear window; after police stopped vehicle, Appellant attempted to flee; Commonwealth presented sufficient evidence to establish Appellant's adjudications of delinquency for theft and RSP).[2] Accordingly, we affirm on the basis of the trial court's opinion.

Dispositional order affirmed.

_____

[2] Appellant strongly relies on **Commonwealth v. Matthews**, 632 A.2d 570 (Pa.Super. 1993), but that case is distinguishable. **See id.** (holding Commonwealth presented insufficient evidence to sustain defendant's conviction for RSP where defendant was cooperative with police, car showed no physical signs that it had been stolen, and defendant offered explanation for his possession of vehicle at trial which was consistent with his statement to police at time of arrest; expressly distinguishing facts of **Matthews** from cases where condition of vehicle clearly indicated it had been stolen or where actions of accused supported inference that accused knew vehicle was stolen). **See also Commonwealth v. Robinson**, 128 A.3d 261 (Pa.Super. 2015) (*en banc*) (explaining that while mere possession of stolen property is insufficient to establish guilty knowledge, sufficient circumstantial evidence of guilty knowledge may include, *inter alia*, place or manner of possession, alterations to property indicative of theft, defendant's conduct at time of arrest (including attempts to flee), false explanation for possession, or any other evidence connecting defendant to crime).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016