J-S43019-19

2019 PA Super 359

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER GOMEZ | : | |
| | : | |
| Appellant | : | No. 1983 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005496-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 19, 2019**

Appellant, Javier Gomez, appeals from the Judgment of Sentence, entered on October 25, 2018, of twelve and one-half to twenty-five years of incarceration, imposed following his conviction for numerous narcotics-related offenses, weapons-related offenses, theft charges, and motor vehicle violations.[1]  We affirm.

Following a traffic stop, Appellant repeatedly refused to provide his license, registration, and insurance information.  N.T. Jury Trial, 8/6/18, at 132-37.  Officers at the scene observed Appellant and the two other occupants of the vehicle make furtive movements and otherwise act strangely.  ***See,***

---

[1] Five counts, Possession with Intent to Deliver, 35 P.S. § 780-113(a)(30); Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32); two counts, Persons Not to Possess Firearms, 18 Pa.C.S. § 6105(a)(1); two counts, Firearms Not to be Carried without a License, 18 Pa.C.S. § 6106(a)(1); two counts, Receiving Stolen Property, 18 Pa.C.S. § 3925(a); and 75 Pa.C.S. §§ 3309(1) (Driving on Roadways Laned for Traffic), 3334(a) (Turning Movements and Required Signals), respectively.

*   Former Justice specially assigned to the Superior Court.

*e.g.*, *id.* 133-34 (describing how Appellant repeatedly reached to his left and right in the vehicle, used his cell phone to call an attorney, and, via social media, invited people to the scene), 135 (describing a male passenger's scratching his arms, kicking a bag inside the vehicle, and reaching around), 165 (describing male passenger's scratching), 203 (describing female passenger as "very animated in her voice and her hand expressions . . . flailing her hands . . . moving her hands toward[] her breast area . . . and even inside of her bra").

The strange and obstinate behavior of Appellant and his passengers led police to perceive them as a threat. *Id.* at 134. After repeated warnings, officers broke a window to gain entry into the vehicle and extracted Appellant and his passengers. *Id.* at 157, 175-76.

Upon searching the vehicle, police seized two firearms, a Charter Arms .38 caliber revolver and a Ruger 9mm pistol. *Id.* at 176-77. The revolver was located in the vehicle's front enter console. *Id.* at 176. Police discovered the pistol in a locked safe located in a storage compartment behind the driver's seat. *Id.* at 156-60. The key to the safe was on the same key ring as Appellant's vehicle key. *Id.* Both firearms were loaded, operable, and reported stolen. *Id.* at 189-93; N.T. Non-Jury Trial, 10/15/18, at 38, 80. Police also retrieved DNA evidence from the firearms that matched a sample provided by Appellant. N.T. Jury Trial, 8/7/18, at 291-94.

In addition, police seized substantial amounts of narcotics, including heroin, fentanyl, cocaine, methamphetamine, suboxone, and marijuana, as well as drug paraphernalia. N.T. Non-Jury Trial, 10/15/18, at 56-69.

Following his arrest, the Commonwealth charged Appellant as noted. The Commonwealth proceeded with a bifurcated trial process.

In August 2018, a jury trial commenced to adjudicate the two counts of Persons Not to Possess Firearms. In addition to the evidence set forth above, the Commonwealth established that Appellant had multiple felony drug convictions from 2003 and 2013. N.T. Jury Trial, 8/6/18, at 209-11, 232-33. Following the presentation of evidence and argument, the trial court instructed the jury on the relevant law. Appellant offered no objections to the court's instructions. N.T. Jury Trial, 8/7/18, at 257, 371-89, 390-94. Following its deliberations, the jury convicted Appellant of both counts. *Id.* at 395.

In October 2018, a bench trial commenced to adjudicate the remaining charges. Appellant stipulated to all evidence introduced during the jury trial. N.T. Non-Jury Trial, 10/15/18, at 36-38. At the conclusion of the bench trial, the court found Appellant guilty of all charges. N.T. Non-Jury Trial, 10/15/18, at 313-14.

Thereafter, the trial court sentenced Appellant. *See* N.T. Sentencing, 10/25/2018. Appellant timely filed a Post-Sentence Motion. Appellant sought a Judgment of Acquittal on the Receiving Stolen Property convictions, challenging the sufficiency of the Commonwealth's evidence. *See* Post-Sentence Motion, 11/2/18, at 1-3 (unpaginated). Appellant also sought a

Judgment of Acquittal on one of the firearms offenses, asserting that the Commonwealth had failed to establish that the Ruger 9mm pistol was "within his reach." *Id.* at 3 (unpaginated) (emphasis omitted).

The trial court denied Appellant's Post-Sentence Motion. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement, later amended upon receipt of the non-jury trial transcripts. The court issued a responsive Opinion.

Appellant raises the following issues, restated for clarity:

1. Whether the evidence was insufficient to establish that Appellant knew or believed that firearms seized from his automobile were stolen or probably had been stolen;

2. Regarding the crime of Persons Not to Possess Firearms, whether the evidence was insufficient to establish that Appellant possessed the Ruger 9mm pistol, where police seized this firearm from a locked safe located in a storage compartment behind the front seat of Appellant's vehicle and beyond his reach; and

3. Regarding the crime of Persons Not to Possess Firearms, whether the court erred in failing to properly instruct the jury that it must find that Appellant "was in physical possession or control of a firearm, whether visible, concealed about the person[,] or within the person's reach." 18 Pa.C.S. § 6105(a.1)(1.1)(i)(B).

*See* Appellant's Br. at 8-9.

In his first two issues, Appellant challenges the sufficiency of the Commonwealth's evidence. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). We review a sufficiency challenge *de novo*, but our scope of

review is limited to the evidence of record. **Commonwealth v. Robinson**, 128 A.3d 261, 264 (Pa. Super. 2015) (*en banc*).

The Commonwealth must establish each element of the crimes charged beyond a reasonable doubt, but in so doing, it may rely on wholly circumstantial evidence. **Commonwealth v. Galvin**, 985 A.2d 783, 789 (Pa. 2009). The fact-finder, "while passing on the credibility of the witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence." **Id.** "[A] reviewing court views all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth." **Id.**

In his first issue, Appellant contends that the Commonwealth's evidence was insufficient to establish the crime of Receiving Stolen Property. Appellant's Br. at 19, 22. Appellant concedes that the firearms seized from his automobile were reported stolen. **Id.** at 22, 29; N.T. Non-Jury Trial, 10/15/18, at 38. However, noting that mere possession of stolen property is insufficient to enable a fact-finder to infer the requisite *mens rea*, Appellant suggests that the Commonwealth failed to introduce evidence that he knew the firearms were stolen or believed that they were probably stolen. Appellant's Br. at 27-36.[2]

In order to convict a defendant of Receiving Stolen Property, the Commonwealth must establish three elements: "(1) intentionally acquiring

---

[2] For purposes of this issue, Appellant concedes that he possessed both firearms. Appellant's Br. at 31 ("The location of the firearms near controlled substances is evidence that [Appellant] possessed both[.]").

possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." *Robinson*, 128 A.3d at 265; 18 Pa.C.S. § 3925(a).

Appellant challenges the second element, which is sometimes referred to as "guilty knowledge" of the crime. *Id.* (citing *Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993)). To establish a defendant had guilty knowledge, *i.e.*, that he knew property in his possession was stolen or believed that it was probably stolen, the Commonwealth may introduce evidence that the underlying theft occurred recently. *Commonwealth v. Williams*, 362 A.2d 244, 248 (Pa. 1976). Such evidence will permit a fact-finder to infer guilty knowledge, particularly where there is no satisfactory explanation for a defendant's possession of recently stolen goods. *Id.*

Other circumstantial evidence may provide a basis for an inference of guilty knowledge.

> Circumstantial evidence of guilty knowledge may include, *inter alia*, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

*Robinson*, 128 A.3d at 268 (citing cases).

In this case, Appellant correctly notes that the Commonwealth failed to establish when the firearms were stolen, where or from whom they were stolen, or for how long they were in Appellant's possession. *See* Appellant's

Br. at 29. Nevertheless, other circumstantial evidence introduced by the Commonwealth provided an adequate basis for the fact-finder to infer that Appellant believed that the firearms were probably stolen.

For example, during a routine traffic stop, Appellant refused to comply with officers' repeated requests for cooperation, ultimately requiring their forced entry into Appellant's vehicle and their forced extraction of Appellant and his passengers. *See, e.g.*, N.T. Jury Trial, 8/6/18, at 136 (indicating that Appellant refused to comply with "[m]ore than 50" police commands). Challenging the import of this evidence, Appellant suggests that his behavior during the traffic stop can be explained by the other crimes he had committed. *See* Appellant's Br. at 29-30. However, in our view, Appellant's conduct is indicative of guilty knowledge concerning his several crimes. The fact-finder need not choose between Appellant's several crimes to determine whether one or more would cause Appellant's obstinate behavior. Rather, based on his conduct, the fact-finder was free to infer that Appellant knew or believed that the firearms were probably stolen.

The circumstances surrounding Appellant's possession of the firearms also support an inference of guilty knowledge. As a previously convicted felon, Appellant could not lawfully purchase or possess a firearm. Further, expert testimony established that it is very common for drug dealers, particularly those with prior drug convictions like Appellant, to obtain stolen firearms illicitly. *See* N.T. Non-Jury Trial, 10/15/18, at 214-16. We agree with Appellant that this is not evidence that he **knew** the firearms in his possession

were stolen. ***See generally*** Appellant's Br. at 35-36. Nevertheless, these circumstances are sufficient to enable a fact-finder to infer that a defendant **believed** that the firearms were probably stolen.

For these reasons, we conclude that the Commonwealth established that Appellant had guilty knowledge, believing that the firearms seized from his automobile were probably stolen. ***Robinson***, 128 A.3d at 268. Thus, Appellant's claim is without merit.

In his second issue, Appellant contends that the Commonwealth's evidence was insufficient to establish a violation of Persons Not to Possess Firearms. ***See*** Appellant's Br. at 20, 37.[3] We disagree.

To establish Persons Not to Possess Firearms, the Commonwealth must prove beyond a reasonable doubt that a defendant (1) has been convicted of certain enumerated offenses, or otherwise satisfies certain conditions, and (2) possesses, uses, controls, sells, transfers, or manufactures (or obtains a license to do so) a firearm. 18 Pa.C.S. § 6105(a).

In this case, the Commonwealth charged Appellant for violating Section 6105 graded as a first-degree felony. ***See*** Amended Information, 1/31/18, at 2. Thus, the Commonwealth was required to establish that Appellant "was in physical possession or control of a firearm[.]" 18 Pa.C.S. §

---

[3] Appellant limits his challenge to the Ruger pistol found in the locked safe behind the driver's seat; he does not challenge the evidence supporting his conviction for possessing the Charter Arms .38 caliber revolver.

6106(a.1)(1.1)(B).[4]  Our Supreme Court has interpreted this language to mean "the knowing exercise of power over a weapon, which may be proven through evidence of a direct, physical association between the defendant and the weapon or evidence of constructive control."  *Commonwealth v. Hanson*, 82 A.3d 1023, 1036-37 (Pa. 2013).[5]  The Court determined that constructive control is analogous to constructive possession, defining it as "the ability to exercise a conscious dominion and the intent to do so."  *Id.* at 1037.

Appellant notes the evidence established that the Ruger 9mm pistol was stored in a locked safe, which was placed in a storage compartment located behind the driver's seat of his vehicle.  Appellant's Br. at 40.  In addition, Appellant points to his diminutive stature and the fact that he never left the front seat of his vehicle.  *Id.* at 40 (describing himself as "a dwarf who is only 4'8" tall").  Based on these facts and further suggesting a temporal element to his crime, Appellant asserts that it was impossible for him "to simply grab the firearm quickly[.]"  *Id.* at 41.  Thus, Appellant concludes, the Commonwealth failed to establish that he had physical possession or control over the pistol.  *Id.* at 41-42.

---

[4] Alternatively, a person may be guilty of a first-degree felony if there is evidence that he was previously convicted of violating subsection (a).  18 Pa.C.S. § 6105(a.1)(1.1)(A).  This subsection is not relevant here.

[5] In *Hanson*, our Supreme Court examined this language in the statutory context of a sentencing enhancement to certain drug offenses committed with firearms.  *Id.* at 1026.

There is no requirement that a defendant has quick or immediate access to a firearm. As observed by our Supreme Court, "a defendant can be in control of a firearm that is *not* about his person or within his reach, and thus is *not* immediately and directly physically accessible to him." **Hanson**, 82 A.3d at 1036 (favorably quoting from an appellee's brief; italics in original). Rather, the statutory language suggests the proper focus to be on a defendant's "actual or constructive exercise of power over a weapon." **Id.**

There is substantial evidence in this case that Appellant exercised both actual and constructive power over the Ruger pistol. DNA evidence revealed, for example, that Appellant had physical possession of the pistol at some point, thus exerting actual control over the weapon. Further, Appellant secured the pistol from others, storing it in a safe located in his vehicle. Appellant kept the key to the safe alongside his automobile key. This evidence suggests that Appellant "had the ability to exercise a conscious dominion [over the pistol] and the intent to do so." **Id.** at 1037.

Viewed in the light most favorable to the Commonwealth, Appellant maintained constructive control over the weapon. **Id.** Therefore, the Commonwealth presented sufficient evidence that Appellant violated Persons Not to Possess Firearms, graded as a first-degree felony.

In his third issue, Appellant contends the trial court erred when it failed to instruct the jury properly on the elements of Persons Not to Possess

Firearms graded as a first-degree felony. Appellant's Br. at 43.[6] According to Appellant, this error constituted a violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). No relief is due.

The trial court has considerable discretion in fashioning a jury charge. **Commonwealth v. Johnson**, 107 A.3d 52, 87-88 (Pa. 2014). The court is free to use its own expressions, provided it clearly and accurately conveys the applicable legal concepts at issue. **Id.** In reviewing instructions to a jury, we consider the entire charge, "not merely discrete portions thereof." **Id.**

Initially, we observe that Appellant failed to preserve a challenge to the trial court's jury instructions. This Court has held that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." **Commonwealth v. Proctor**, 156 A.3d 261, 270 (Pa. Super. 2017) (quoting **Commonwealth v. Moury**, 992 A.2d 162, 178 (Pa. Super. 2010)).

During its charging conference, the trial court reviewed its intended instructions, which included a standard definition of constructive possession. N.T. Jury Trial, 8/7/18, at 254-57. The court specifically inquired whether Appellant had an objection to the instruction; Appellant responded that he did not. **Id.** at 257. Thereafter, following the court's instructions to the jury, Appellant lodged no objection. **Id.** at 389. After deliberating for some period,

---

[6] In this third issue, Appellant challenges both counts of Persons Not to Possess Firearms, relating to his possession of the Charter Arms .38 caliber revolver and the Ruger 9mm pistol. **Id.**

- 11 -

the jury asked for clarification on the definition of possession; the court reinstructed the jury; and Appellant failed to object. *Id.* at 390-94. Thus, to the extent Appellant asserts that the court erred in its jury instructions, such claim is waived. *Proctor*, 156 A.3d at 270.

Nevertheless, Appellant also asserts an *Apprendi* violation. Appellant's Br. at 9, 43. Such claims implicate the legality of a defendant's sentence and cannot be waived on appeal. *Commonwealth v. Roney*, 866 A.2d 351, 359 n.32 (Pa. 2005); *Commonwealth v. Popow*, 844 A.2d 13, 17 (Pa. Super. 2004) (noting that a challenge to the proper grading of an offense implicates the legality of the sentence and is, therefore, non-waivable).

In *Apprendi*, the United States Supreme Court determined that "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019) (quoting *Apprendi*, 530 U.S. at 490), *appeal denied*, 219 A.3d 202 (Pa. 2019).

According to Appellant, the court omitted from its instructions to the jury the precise statutory language used to define Persons Not to Possess Firearms graded as a first-degree felony, which includes the additional requirement that a defendant "was in physical possession or control of a firearm, whether visible, concealed about the person[,] or within the person's reach." Appellant's Br. at 46 (quoting 18 Pa.C.S. § 6105(a.1)(1.1)(i)(B)). In

the absence of a clear finding by the jury, Appellant seeks a correction in the grading of his offense. *Id.* at 50.[7]

Section 6105 defines Persons Not to Possess Firearms as follows:

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

. . .

**(a.1) Penalty.—**

(1) Except as provided under paragraph (1.1), a person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

(1.1) The following shall apply:

1. A person convicted of a felony enumerated under subsection (b) or a felony under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the first degree if:

(A) at the time of the commission of a violation of subsection (a), the person has previously been convicted of an offense under subsection (a); or

---

[7] Appellant does not seek remand for re-sentencing, as he concedes the sentence imposed was well within the standard range suggested for a second-degree felony. Appellant's Br. at 49-50.

- 13 -

> (B) at the time of the commission of a violation of subsection (a), **the person was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach.**
>
> . . . .

18 Pa.C.S. § 6105 (emphasis added).

Thus, a violation of Section 6105 constitutes a second-degree felony unless the Commonwealth alleges and proves at trial that a defendant "was in physical possession or control of a firearm."[8]  This additional factor is not an element of the offense, but it is an additional fact the jury must determine. *Smith*, 206 A.3d at 565 (quoting *Popow*, 844 A.2d at 18).  We may not presume the jury made this finding "when no evidence of it was presented at trial and no mention of it was made in the jury's charge." *Id.*

In this case, the Commonwealth charged Appellant with Persons Not to Possess Firearms graded as a first-degree felony.  *See* Amended Information at 2.   At trial, the Commonwealth introduced sufficient evidence to establish that Appellant exercised constructive control over the Ruger 9mm pistol.  *See*

---

[8] In our view, the statutory examples that follow this quoted language, *i.e.*, "whether visible, concealed about the person or within the person's reach", merely "convey the Legislature's desire to incorporate concepts of exclusive, joint, and constructive control." *Hanson*, 82 A.3d at 1037.  Proof that such circumstances exist in any particular case is not necessarily sufficient to establish "physical possession or control." *See id.*  Further, this list of examples is not exhaustive. *Id.*  Thus, for example, the Commonwealth may prove constructive control over a firearm where its evidence establishes that a defendant secures the firearm in a locked safe stored in the defendant's automobile and where the defendant retains the key to the locked safe. *See supra*.

*supra*.  The trial court properly instructed the jury that Appellant was charged with possession or controlling the firearm and proceeded to instruct the jury on constructive possession.  N.T. Jury Trial, 8/7/18, at 381, 384.  We discern no deficiency in its instruction as it tracks closely to our Supreme Court's interpretation of the analogous term, constructive control.  ***See Hanson***, 82 A.3d at 1036-37.

The trial court accurately instructed the jury with respect to the charge of Persons Not to Possess Firearms graded as a first-degree felony.  Thus, we discern no ***Apprendi*** violation.

Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2019