J-A28015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER J. STONE :
:
Appellant : No. 1513 EDA 2018

Appeal from the Judgment of Sentence May 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000438-2017

BEFORE: PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 03, 2020**

Christopher Stone appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for receiving stolen property and unauthorized use of a motor vehicle. On appeal, he challenges the sufficiency of the evidence to sustain his convictions. After careful review, we affirm.

At the outset, we note that it is undisputed that Stone was found driving a vehicle that had been reported stolen several days earlier. Stone's challenge to the sufficiency of the evidence is therefore focused directly on whether the Commonwealth proved he knew or should have known that the car was stolen.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict

_____

[*] Former Justice specially assigned to the Superior Court.

winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. **See Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is utterly incapable of supporting the necessary inferences. **See id**. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004).

As Stone challenges only the inferences drawn by the trial court, sitting as fact-finder, the following evidence presented by the Commonwealth is accepted as true. On November 20, 2016, Philadelphia Police Officer Joseph Mason was on patrol when his license plate reader flagged a Toyota Camry as stolen. Officer Mason and his partner followed the car until they confirmed the car was stolen and called for additional police vehicles.

When the Camry stopped at a red light, Officer Mason and his partner, along with the other police vehicles that had arrived, surrounded the Camry. Officers arrested the driver of the car, who Officer Mason identified as Stone,

as well as the passenger of the car. The officers noted substantial damage to the passenger side of the car and found Stone was operating the car with a valet key.

When asked how he came into possession of the vehicle, Stone initially indicated that the Camry belonged to his aunt, who he couldn't name, then indicated he didn't know who it belonged to, and then indicated it belonged to his friend, who was the passenger in the car. The passenger did not confirm or deny this, and instead laughed at Stone's statement.

The owner of the Camry, Dawn Condiff, had reported her vehicle as stolen on November 14, 2016. Condiff testified that she was the owner of the Camry, that she did not know Stone or the passenger, and that she had not given either of them permission to use her vehicle. She also testified that she still had her keys and that they were the only set of keys she was aware of.

Following a bench trial, the court found Stone guilty of receiving stolen property and unauthorized use of a motor vehicle. On May 15, 2018, the court sentenced Stone to eleven and one half to twenty-three months' incarceration, followed by five years of probation. This appeal follows.

A person commits the offense of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen." 18 Pa.C.S. § 3925(a). A person is guilty of the unauthorized use of a motor vehicle if he operates an automobile without the owner's consent and knew or

had reason to know that he lacked the owner's permission to operate the vehicle. 18 Pa.C.S. § 3928(a).

Here, it is undisputed that the vehicle was stolen and that Condiff did not give Stone permission to operate the vehicle. However, Stone contends the evidence was insufficient to show he knew or should have known the car was stolen or that he acted with the requisite *mens rea* for both convictions.

In considering whether Stone had the requisite *mens rea,* "mere possession of stolen property is insufficient to permit an inference of guilty knowledge; there must be additional evidence, circumstantial or direct, which would indicate that the defendant knew or had reason to know that the property was stolen." **Commonwealth v. Matthews**, 632 A.2d 570, 572 (Pa. Super. 1993) (citation omitted). Additional evidence supporting an inference of guilty knowledge includes whether the arrested individual was cooperative with the police, whether the car showed physical signs that it had been stolen, and whether the individual offered an explanation for his possession of the vehicle. **See id.,** at 573.

Unexplained possession of recently stolen goods supports an inference that the individual has reason to know the goods have been stolen. **See id.,** at 572. Whether possession is recent or unexplained are questions for the trier of fact. **Commonwealth v. Williams**, 362 A.2d 244, 249 (Pa. 1976).

We recognize that some of these factors are in favor of Stone. Although the passenger side of the vehicle was damaged, this is not indicative of theft,

and there were no other displays of any physical manifestations of theft, such as signs of forced entry or a damaged ignition. *See Matthews*, 632 A.2d at 572. Further, Stone was fully cooperative with the officers.

However, the trial court, sitting as fact-finder, focused on Stone's explanation, or lack thereof, for his possession of the vehicle. To explain his presence in the vehicle, Stone initially indicated that the Camry belonged to his aunt, who he couldn't name, then indicated he didn't know who it belonged to, and then indicated it belonged to his friend, who was the passenger in the car. The trial court was free to disregard this explanation as unsatisfactory and to consider Stone's possession to be unexplained. *See Williams*, 362 A.2d at 249. Further, Stone's possession of the Camry six days after it was reported stolen qualifies as recent possession. *See Commonwealth v. Hogan*, 468 A.2d 493, 497–98 (holding that possession four weeks after theft was not too distant to support an inference of knowledge). Finally, the use of a valet key, while not dispositive, is certainly a circumstance that can support a finding that Stone should have been aware that the car was stolen.

The trial court was free to credit the testimony of Officer Mason and Condiff. Based on that testimony the trial court determined that Stone's possession of the Camry was recent and unexplained, and that he therefore possessed "guilty knowledge" as to whether the car was stolen.

While this is a close call, we can find no legal reason to disturb the trial court's factual findings and credibility determinations. A totality of the

circumstances was sufficient to support an inference that Stone had guilty knowledge that the car was stolen and satisfies the *mens rea* under the receiving stolen property charge.

For the intent element under the unauthorized use of a motor vehicle charge, the Commonwealth must show that the defendant was reckless with respect to the owner's lack of consent in that he had consciously disregarded a substantial and unjustifiable risk that the owner had not consented. **See Hogan**, 468 A.2d at 495-496. The *mens rea* burden under the unauthorized use charge is not as strict as the burden for receiving stolen property. Therefore, just as the evidence supported an inference of guilty knowledge of the car's theft, it also supported an inference of recklessness for purposes of the unauthorized use of a motor vehicle. **See Commonwealth v. Hogan**, 468 A.2d 493, 497 (Pa. Super. 1983).

Based on the foregoing, we conclude that the evidence was sufficient to establish Stone's guilt for receiving stolen property and unauthorized use of a motor vehicle.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/20

- 6 -